*252
 
 Henderson, Chief-Justice,
 

 after stating the substance of the pleadings, as above set forth, proceeded: This is an attempt by the creditor to reach the assets of the debtor,
 
 (.Jonathan Ballon,)
 
 in the hands of the executor of the administrator; which certainly cannot he done at law. For
 
 neither
 
 the administrator of the executor, nor the executor of the administrator represents the first testator or intestate. The unadministered a.ssets belong to the administrator
 
 de honis non
 
 of the first dead man, and may be recovered by him, and when so recovered are assets in his hands. And if he neglects to recover them, it is a
 
 devastavit,
 
 and he is responsible for their value; viz: for what he might have recovered. Where the goods have actually, been wasted by the first executor or administrator. I am at a loss to say, what is to he done. For a
 
 devastavit
 
 is in
 
 tori,
 
 which dies with the person. Perhaps our acts of Assembly, reviving all causes of action, where property is the subject of controversy, that is, all which are not merely vindictive, will enable the administrator dc
 
 bonis non to
 
 sustain an action, even where there has been an actual
 
 devastavit.
 
 Where the goods remain in kind, and are unadministered, there can be no doubt, that the administrator
 
 de bonis non
 
 may recover them. But in -no case which I can conceive, is the administrator of the executor, or the executor of the administrator liable, at law, to the actions of creditors of the first testator or intestate. Where the executor or administrator becomes fixed with assets, it is then his pwn debt; and his executor or administrator is liable. Property or debts, in compensation foradmusi<mf,'may, in equity afford ground of relief to creditors, legatees and distributees upon a
 
 proper
 
 case. But the executor of the executor, where there is only one executor of the first testator, or of the surviving executor, where there are more, is liable at law. For in fact, he is the executor of the first testator.
 

 When I say, that independently of our acts of Assembly keeping alive actions for
 
 torts,
 
 where property is the subject matter of them, I am at a loss to say how in the case of a waste of property by the executor or first ad
 
 *253
 
 ministrator, the administrator
 
 de bonis non
 
 could obtain satisfaction, I mean where the property has been
 
 destroyed.
 
 If the executor or administrator has converted the goods into money, and failed to apply it to the uses of the es.tate, it is so much money in his hands, for which the administrator
 
 de bonis non
 
 may support an action, I suppose, for s.uch money received to his use. But this is rather straining the action for money liad and received. For it cannot, otherwise than by a fiction, be said to have been received to the use of the administrator
 
 de bonis non.
 
 To sustain the action, we must personify the estate ; and as the administrator
 
 de bonis non
 
 represents the estate, give the action to him. There is no difficulty when the property remains in kind. And I believe, by a justifiable extension of our acts before mentioned, they may embrace cases of actual waste.
 

 But if the administrator has converted the assets to his own use,
 
 it seems
 
 the administrator
 
 de bonis non
 
 may recover against his executor for money had and received.
 

 Pur Curiam. — Judgment affirmed.